UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY and HANOVER INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> DRUCKER & FALK, LLC, D&F PAYROLL AGENT, INC., BMW OF NORTH CHARLESTON, LLC, RIVERLAND, LLC, QUALITY EXTERIORS GROUP, LLC, DONNIE HAWKINS, and STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendants. | Case No: 2:20-cv-02513-RMG <br><br> **AMENDED COMPLAINT FOR DELCARATORY JUDGMENT AND OTHER RELIEF** |

Plaintiffs Massachusetts Bay Insurance Company and Hanover Insurance Company (collectively "Hanover") file this Amended Complaint for Declaratory Judgment and state:

## NATURE OF ACTION

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 for the purpose of determining questions in actual controversy between Hanover and Defendants concerning the rights, duties and obligations of the parties to certain policies of insurance issued by Hanover as set forth in detail below.

## PARTIES

2.      Massachusetts Bay Insurance Company is a corporation organized and existing under the laws of New Hampshire, with its principal place of business in Worcester, Massachusetts.

3. Hanover Insurance Company is a corporation organized and existing under the laws of New Hampshire, with its principal place of business in Worcester, Massachusetts.

4. Drucker & Falk, LLC ("D&F") is a limited liability company organized and existing under the laws of Virginia, with its principal place of business located in Newport News, Virginia. D&F conducts business and may be served with process in Virginia via its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. Upon information and belief, none of D&F's members are citizens of New Hampshire or Massachusetts.

5. D & F Payroll Agent, Inc., ("D&F Payroll") is a Virginia Corporation, organized and existing under the law of Virginia, with its principal place of business located in Newport News, Virginia.

6. BMW of North Charleston, LLC ("BMW") is a limited liability company organized and existing under the laws of South Carolina, with its principal place of business located in Charleston, South Carolina. BMW conducts business and may be served with process in South Carolina via its registered agent, C. Ray Wrenn, 5804 Cardiff Court, Hanahan, South Carolina 29410. Upon information and belief, none of BMW's members are citizens of New Hampshire or Massachusetts.

7. Riverland, LLC ("Riverland") is a limited liability company organized and existing under the laws of South Carolina, with its principal place of business located in Charleston, South Carolina. Riverland conducts business and may be served with process in South Carolina via its registered agent, C. Ray Wrenn, 5804 Cardiff Court, Hanahan, South Carolina 29410. Upon information and belief, none of Riverland's members are citizens of New Hampshire or Massachusetts.

8. On information and belief, Quality Exteriors Group, LLC ("QEG") is a Kentucky Limited Liability Company. At all relevant times to this action, QEG was engaged in business in the County of Charleston, South Carolina.

9. On information and belief, Donnie Hawkins is a Kentucky citizen and resident. Company of the State of Kentucky. At all relevant times to this action, Donnie Hawkins was engaged in business in the County of Charleston, South Carolina.

10. State Farm Fire and Casualty Company ("State Farm") is a corporation organized and existing under the laws of Illinois, with its principal place of business located in Bloomington, Illinois. State Farm conducts business in and may be served with process in South Carolina via its legal agent, the Director of the South Carolina Department of Insurance.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to Hanover's claims occurred within this District.

## THE UNDERLYING LAWSUIT

13. BMW and Riverland filed a Complaint against D&F and others in the Court of Common Pleas on or about September 7, 2017, in the action styled *BMW of North Charleston, LLC, et a. v. Quality Exteriors Group, LLC*, Case No. 2017-CP-10-4606 (the "Underlying Lawsuit"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

   a. BMW and Riverland filed an Amended Complaint against D&F and others adding as a Defendant, *inter alia*, D&F Payroll.

3

b. The Amended Complaint arises out of roofing projects performed at the Atlantic Palms Apartments owned by BMW and the Riverland Woods Apartments owned by Riverland.

14. The Amended Complaint alleges that BMW and Riverland each contracted with Quality Exteriors Group, LLC ("QEG") to perform roofing work at their respective apartment complexes.

15. The Amended Complaint further alleges that BMW and Riverland each entered into property management agreements with D&F and D&F Payroll, pursuant to which D&F and D&F Payroll agreed to supervise the roofing work performed by QEG.

16. A copy of the Management Agreement between BMW and D&F dated May 1, 2013 is attached hereto as Exhibit B.

17. A copy of the Management Agreement between Riverland and D&F dated April 9, 2012 is attached hereto as Exhibit C.

18. The Amended Complaint alleges that certain portions of the roofing systems have failed allowing water intrusion into multiple buildings.

19. The Amended Complaint asserts claims for negligence and breach of contract against D&F.

20. The Amended Complaint alleges that D&F and D&F Payroll breached their contractual duties and were negligent in supervising the installation of the roofing systems and failing to ensure that QEG performed its work in accordance with the applicable building codes.

21. QEG and Donnie Hawkins filed a Counter Cross-Claim against D&F and D&F Payroll on or about June 11, 2020 alleging Negligence/Gross Negligence,

Contribution/Apportionment, and Equitable Indemnity for the losses alleged by BMW and Riverland in the Underlying Lawsuit.

## THE INSURANCE POLICIES

A.  <u>The Hanover Policies</u>

22.  Hanover issued the following policies of insurance to D&F (collectively referred to as the "Hanover Policies"):

    a.  policy number ZHR A183094 00, effective January 1, 2014 to January 1, 2015, a copy of which is attached hereto as Exhibit D;

    b.  policy number ZHR A183094 01, effective January 1, 2015 to January 1, 2016, a copy of which is attached hereto as Exhibit E;

    c.  policy number ZDR A183094 02, effective January 1, 2016 to January 1, 2017, a copy of which is attached hereto as Exhibit F;

    d.  policy number ZDR A183094 03, effective January 1, 2017 to January 1, 2018, a copy of which is attached hereto as Exhibit G; and

    e.  policy number ZDR A183094 04, effective January 1, 2018 to January 1, 2019, a copy of which is attached hereto as Exhibit H.

23.  D&F Payroll is listed as an additional named insured on each of the primary policies.

24.  The Hanover Policies provide liability coverage pursuant to the Commercial General Liability Coverage form, which provides in pertinent part:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage"

to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result….

…

**b.** This insurance applies to "bodily injury" and "property damage" only if:
**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
**(2)** The "bodily injury" or "property damage" occurs during the policy period; and
**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized
by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part….

25. Policy number ZHR A183094 00, effective January 1, 2014 to January 1, 2015, includes a Limitation of Coverage to Designated Premises or Project endorsement, form CG 21 44 07 98. The endorsement, which was deleted from the policy effective September 1, 2014, provides:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**
This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
**SCHEDULE**

| **Premises:** |
| --- |
| X |
| **Project:** |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)
This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:
**1.** The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to
those premises; or

6

    **2.** The project shown in the Schedule.

26. Policy numbers ZHR A183094 01 – 04, effective January 1, 2015 to January 1, 2019, each include a Real Estate Property Managed Endorsement. Policy number ZHR A183094 01 includes form CG 22 70 11 85, which provides in pertinent part:

> **REAL ESTATE PROPERTY MANAGED**
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> This insurance does not apply to "property damage" to property you operate or manage or as to which you act as agent for the collection of rents or in any other supervisory capacity.
>
> With respect to your liability arising out of your management of property for which you are acting as real estate manager this insurance is excess over any other valid and collectible insurance available to you.

27. The remaining policies include form CG 22 70 04/13, which provides, in pertinent part.

> **REAL ESTATE PROPERTY MANAGED**
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A.** The following is added to Exclusion **j. Damage To Property** of Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> > **j. Damage To Property**
> > "Property damage" to:
> > Property you operate or manage or as to which you act as agent for the collection of rents or in any other supervisory capacity.
>
> **B.** The following is added to Paragraph **4.b.(1)** of **Other Insurance** of **Section IV – Commercial General Liability Conditions:**

    **4. Other Insurance**

      **b. Excess Insurance**
      With respect to your liability arising out of your management of property for which you are acting as real estate manager, this insurance is excess over any other valid and collectible insurance available to you, whether such insurance is primary or excess.

  B.  <u>The State Farm Policies</u>

  28.  State Farm issued business liability policy number 99-CS-3658-5, effective September 28, 2012 to September 28, 2013, to BMW.

  29.  State Farm also issued business liability policy number 99-CG-5190-4, effective June 1, 2012 to June 1, 2013, to Riverland.

  30.  D&F and D&F Payroll, as alleged property managers for BMW and Riverland, is a definitional insured under the State Farm policies.

  31.  D&F tendered the Underlying Lawsuit to Hanover and State Farm for a defense and indemnity.

  32.  Hanover agreed to defend D&F and D&F Payroll pursuant to reservations of rights.

  33.  There is an actual controversy between the parties concerning Hanover's responsibilities with respect to the defense and/or indemnification of D&F and D&F Payroll in the Underlying Action.

        **COUNT I – DECLARATORY JUDGMENT**

  34.  Hanover incorporates by reference the allegations in paragraphs 1 through 33 as if set forth fully herein.

  35.  The Amended Complaint alleges that D&F and D&F Payroll were property managers for the Riverland Woods Apartments and Atlantic Palms Apartments.

36. The Amended Complaint further alleges that D&F and D&F Payroll breached their contractual duties and were negligent in supervising the roofing work, which allegedly failed resulting in water intrusion into the Riverland Woods Apartments and Atlantic Palms Apartments.

37. Pursuant to the Limitation of Coverage to Designated Premises endorsement in effect from January 1, 2014 to September 1, 2014, coverage under the policy number ZHR A183094 00 "applies only to … 'property damage' … arising out of 1. [t]he ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or 2. [t]he project shown the Schedule."

38. The Atlantic Palms Apartments and Riverland Woods Apartments are not listed in the Schedule.

39. The losses alleged in the Underlying Action are excluded under policy numbers ZHR A183094 01 – 04, effective January 1, 2015 to January 1, 2019, by the Real Estate Property Managed endorsement.

40. Consequently, there is no coverage under the Hanover Policies for property damage, if any, that occurred prior to September 1, 2014 or after January 1, 2015.

41. Further, to the extent the Hanover Policies and State Farm Policies both apply for the period September 1, 2014 to January 1, 2015, the Hanover Policies are excess and the State Farm Policies are primary with respect to liability arising out of D&F's and D&F Payroll's management of the apartments.

42. Hence, Hanover owes no duty to defend D&F or D&F Payroll in the Underlying Action.

43. Because of the uncertainty created by the insurance disputes among the parties, a declaratory judgment is necessary to resolve the dispute, end the uncertainties, and declare the rights of all parties.

WHEREFORE, Hanover prays:

A. That this Court declares the rights, duties and obligations of the parties;

B. That this Court declare that Hanover has no duty to defend Drucker & Falk, LLC, D&F Payroll Agent, Incorporated any other party in connection with the Underlying Lawsuit;

C. That this Court declare that there is no coverage available under policy number ZHR A183094 00 for property damage, if any, that occurred prior to September 1, 2014.

D. That this Court declare that the losses alleged in the Underlying Action are excluded under policy numbers ZHR A183094 01 – 04 by the Real Estate Property Managed exclusion.

E. That this Court declare that the Hanover Policies are excess, and the State Farm Policies are primary with respect to covered damages, if any, that occurred between September 1, 2014 and January 1, 2015; and

F. That this Court enters other and further relief deemed just and proper.

[*Signature Appears on Following Page*]

Respectfully submitted,

COLLINS & LACY, P.C.

By: s/ *Michael R. Burchstead*
Michael R. Burchstead, Esquire
Fed. ID#: 10297
mburchstead@collinsandlacy.com
Christian Stegmaier, Esquire
Fed. ID#: 8007
cstegmaier@collinsandlacy.com
Post Office Box 12487
Columbia, SC 29211
803.256.2660

**ATTORNEYS FOR PLAINTIFFS MASSACHUSETTS BAY INSURANCE COMPANY and HANOVER INSURANCE COMPANY**

July 22, 2020
Columbia, South Carolina