# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Massachusetts Bay Insurance Company and Hanover Insurance Company, | ) ) ) ) | C/A No. 2:20-cv-2513 |
| Plaintiffs, | ) ) ) | **ORDER AND OPINION** |
| v. | ) ) | |
| Drucker & Falk, LLC, *et al.* | ) ) | |
| Defendants. | ) ) | |

Before the Court is Defendants BMW of North Charleston, LLC and Riverland, LLC's unopposed motion to set aside entry of default. (Dkt. No. 63). For the reasons set forth below, the motion is granted.

## I. Background and Relevant Facts

Plaintiffs initiated this case for declaratory judgment on July 2, 2020. (Dkt. No. 1). On April 19, 2021, Plaintiffs filed a Request for Entry of Default for Defendants BMW of North Charleston, LLC and Riverland, LLC (collectively "Defendants"). (Dkt. No. 41). The next day, April 20, 2021, the Clerk of the Court granted Plaintiffs' request and issued an Entry of Default against Defendants. (Dkt. No. 42).

On June 25, 2021, Defendants filed a motion to set aside entry of default. (Dkt. No. 63). Defendants note that Plaintiffs do not object to the instant motion. (Dkt. No. 63-1 at 1); (*Id.* at 4-8) (arguing that although Defendants were not served in this action, Defendants have a meritorious defense, acted promptly once they received notice of the lawsuit, have fully participated since, and that no prejudice exists as to any party).

No party opposes Defendants' motion.

Defendants' motion is fully briefed and ripe for disposition.

**II.      Legal Standard**

Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court may set aside an entry of default for good cause. The Fourth Circuit has identified six factors to consider when determining whether to set aside an entry of default: (1) whether the defaulting party has a meritorious defense; (2) whether the defaulting party acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether the defaulting party has a history of dilatory action; and (6) the availability of sanctions less drastic than default judgment. *Payne ex. Rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006); *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). With regard to the first factor, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727. "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). In determining whether the circumstances warrant setting aside Ashley's default under Rule 55, "[a]ll of these factors should be applied more leniently [than] when the action is . . . under Rule 60, and the court should always keep an eye toward the preference for meritorious resolutions of disputes." *Colleton Preparatory Acad., Inc. v. Beazer E., Inc.*, 223 F.R.D. 401, 406 (D.S.C. 2004); *Mobil Oil Co. De Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir. 1993) (unpublished table decision) ("[T]he extreme sanction of judgment by default is reserved only for cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court.").

### III. Discussion

After a careful review of Defendants' motion—which no party, including Plaintiffs, opposes—the Court grants Defendants' motion to set aside default. Defendants satisfy all factors for setting aside default as per *Payne ex. Rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). For the reasons articulated in Defendants' moving papers, (Dkt. No. 63-1 at 4-7), "good clause" easily exists for setting aside the entry of default against Defendants.

### IV. Conclusion

For the reasons set forth above, Defendants BMW of North Charleston, LLC and Riverland, LLC's motion to set aside entry of default (Dkt. No. 63) is **GRANTED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 14, 2021
Charleston, South Carolina