# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Massachusetts Bay Insurance Company and Hanover Insurance Company, </br></br>    Plaintiffs, </br></br> v. </br></br> Drucker & Faulk, LLC, D&F Payroll Agent Inc., BMW of North Charleston, LLC, Riverland, LLC, Quality Exteriors Group, LLC, Donnie Hawkins, State Farm Fire and Casualty Company, and Westchester Surplus Lines Insurance Company, </br></br>    Defendants. | C/A. No. 2:20-2513-RMG </br></br></br> **ORDER AND OPINION** |

Before the Court is Plaintiffs Massachusetts Bay Insurance Company and Hanover Insurance Company (collectively "Insurer")'s partial motion for summary judgment. (Dkt. No. 62). For the reasons set forth below, the Court denies the motion and dismisses this action without prejudice.

## I.     Background

Insurer filed this declaratory judgment action to determine the rights, duties, and obligations of the parties under various insurance policies and as related to claims against its insureds—Defendants Drucker & Falk, LLC and D&F Payroll Agent, Inc. (collectively "Drucker").[1]

---

[1] Insurer alleges that, under the insurance policies in question, Drucker & Falk, LLC is its insured and D&F Payroll Agent, Inc. is an additional named insured. (Dkt. No. 5 ¶¶ 22-23).

On September 7, 2017, Defendants BMW of North Charleston, LLC and Riverland, LLC filed a construction litigation lawsuit in the Court of Common Pleas of Charleston County, South Carolina captioned *BMW of North Charleston, LLC and Riverland, LLC v. Quality Exteriors Group, LLC, et al.*, 2017-CP-10-4606 (the "Underlying Action"). The Underlying Action seeks damages related to, *inter alia*, the repair, removal, and replacement of various roofing systems at two apartment complexes in Charleston County, South Carolina.  In the Underlying Action, Drucker is alleged to be the property manager charged with supervising the above referenced roofing work.  No party disputes that, to date, the Underlying Action is "in the early stages of discovery, no findings of fact have been made, no judgment has been entered against any of the parties, and no payment has been made in an attempt to resolve" the Underlying Action. *See, e.g.*, (Dkt. No. 65 at 3); (Dkt. No. 70 at 4) ("The Underlying Action remains in the discovery phase of litigation without resolution by a factfinder.").  Insurer is currently defending Drucker in the Underlying Action pursuant to a reservation of rights. (Dkt. No. 5 ¶ 32).

On June 25, 2021, Insurer moved for summary judgment on its duty to indemnify Drucker. (Dkt. No. 62). Defendant State Farm Fire and Casualty Company opposes Insurer's motion. (Dkt. No. 65).  BMW of North Charleston, LLC and Riverland, LLC, (Dkt. No. 70), as well as Drucker, (Dkt. No. 71), also oppose.

Insurer's motion is fully briefed and ripe for disposition.

II.     **Legal Standard**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party.  *U.S. v. Diebold*, *Inc.*, 369 U.S. 654, 655 (1962).  Where the moving

2

party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

### III.    Discussion

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). When another suit is pending in a state court involving the same parties and providing the same opportunity for relief, a district court has "wide discretion" in deciding whether to stay or dismiss the declaratory judgment action. *See Centenial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (citing *Wilton* at 289). If a federal court needs to determine an insurer's request for a "declaratory judgment on coverage issues while the underlying litigation against its insured is pending in the state courts," *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994) (citing *Mitcheson v. Harris*, 955 F.2d 235, 237–41 (4th Cir. 1992)) (overruled on other grounds), the district court's discretion must also be guided by considerations of federalism, efficiency and comity. *Id.* at 376-77.

The Fourth Circuit has articulated four factors for consideration when determining whether to exercise discretion under the Declaratory Judgment Act:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether

> the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (quoting *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493-94 (4th Cir. 1998)). These factors are commonly called the "*Nautilus* factors," after the Fourth Circuit's opinion in *Nautilus*.

Here, this Court finds that federalism, efficiency, and comity weigh against the exercise of federal jurisdiction over Insurer's action for declaratory relief regarding its duty to indemnify Drucker. First, South Carolina law governs the insurance matters in this action; therefore, the State of South Carolina has an interest in having such matters decided in its courts. *See Auto-Owners Ins. Co. v. Essex Homes Se., Inc.*, No. 3:14-cv-02164, 2014 WL 4748689, at *3 (D.S.C. Sept. 23, 2014) (granting motion to stay under *Nautilus* factors, finding that South Carolina had a "strong interest" in "matters involving insurance policies and issues related to coverage governed by South Carolina law"). Second, it would be more efficient to resolve the various factual issues raised by Insurer's motion for summary judgment in the state trial court, where the Underlying Action is already pending. Most importantly, "[t]here is a potential for unnecessary entanglement between the instant declaratory judgment action and the underlying lawsuit because in order to make the coverage determinations [Insurer] seeks in this declaratory judgment action, this Court would have to make several findings of fact concerning what damage occurred and when, findings which are also principally at issue in the underlying suit." *Id.*; (Dkt. No. 71 at 2-4) (noting, for example, that while Insurer argues a particular endorsement bars coverage during the period of January 1, 2015 through January 1, 2019, Insurer simultaneously concedes that coverage may exist for the period of October 1, 2014 through December 31, 2014 yet presents no evidence as to "when the damages at issue in the Underlying Action occurred"); (*Id.* at 5) (arguing that the "Products Completed

4

Operations Hazard" clause of the relevant policies provides coverage to Drucker subject to factual findings yet to be made in the Underlying Action); *Auto-Owners Ins. Co. v. Retreat at Edisto, LLC*, No. 2:11-cv-0611, 2011 WL 3841418, at *2 (D.S.C. Aug. 29, 2011) (weighing the *Nautilus* factors and dismissing the declaratory judgment action considering the pending underlying action in state court); *Harleysville Mut. Ins. Co. v. Cambridge Bldg. Corp.*, No. 9:04-cv-23412-23, 2006 WL 2038302, at *6 (D.S.C. July 19, 2006) (finding "interests of federalism, efficiency, and comity" supported abstention "because the factual questions presented in the state court actions may be substantially intertwined with a resolution of the insurance coverage issues presented in this federal declaratory judgment action") (citation and quotation marks omitted).  Further, this Court's findings could have a "preclusive effect" on the underlying actions. *See, e.g., Essex Homes Se., Inc.*, 2014 WL 478689, at *3; *Harleysville Mut. Ins. Co.*, 2006 WL 2038302, at *5. Accordingly, as most of the *Nautilus* factors clearly weigh in favor of the Court declining to declare the parties' rights in this case, the Court denies Insurer's motion for partial summary judgment and dismisses this action without prejudice.

### IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Insurer's motion for partial summary judgment (Dkt. No. 62) and **DISMISSES** this action without prejudice. All other pending motions are denied as moot.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

August 11, 2021
Charleston, South Carolina